COXE, District Judge. The discharge is opposed upon the ground that the bankrupt was not domiciled within this district for six months, or the greater portion thereof, prior to filing his petition in bankruptcy. This question upon the facts is close and difficult. A similar issue was presented in Re Williams (D. C.) 99 Fed. 544, with the same result as that reached by the referee. It is unnecessary to decide this question here for the reason that, in the opinion of the court, it cannot be considered in this proceeding. Whether or not the court was right in adjudicating Clisdell a bankrupt, is not now in issue. He has been adjudicated a bankrupt. The petition was sufficient on its face, and nothing appeared in that proceeding challenging the jurisdiction of the court. The opposing creditor appeared and filed his proof of claim and examined the bankrupt before the referee. Here then is a bankrupt duly adjudicated. His petition for a discharge is a separate and distinct proceeding. The court is familiar with no rule of law by which, in such circumstances as are here shown, objections disputing jurisdiction in the original proceeding can be thus determined collaterally. It is too late. Certainly there is no provision of the bankruptcy law which authorizes such a course. The petition for a discharge rests upon the fundamental proposition that the petitioner has been adjudicated a bankrupt, and the objections which may be interposed and litigated are those pointed out in sections 14 and 29 of the act. It would involve the administration of the law in endless confusion if the issue of domicile can be raised in every matter growing out of, or ancillary to, the original bankruptcy proceedings. The question has been recently decided in Re Mason (D. C.) 99 Fed. 256. This court is in accord with the views there expressed.

The discharge is granted.

---

In re LEVY.

(District Court, E. D. Wisconsin. April 24, 1900.)

1. BANKRUPTCY—DEPOSIT OF FEES—POVERTY AFFIDAVIT.

The statutory affidavit of a voluntary bankrupt that he has not, and cannot obtain, the money with which to pay the filing fees, is prima facie evidence of his inability to make the deposit required; and if, upon examination as to his available means, proper inquiries being fairly answered, it appears that there was no money or property held by the petitioner at the institution of the proceedings, or obtainable through his individual earnings or efforts, the exemption from making such deposit must be allowed, and the case proceed.

2. SAME—NO ASSETS—APPOINTMENT OF TRUSTEE.

In a case of voluntary bankruptcy, if no substantial assets are disclosed by the schedules, or discovered aliunde, the appointment of a trustee is not indispensable; and no person elected to that office can be compelled to serve without compensation. If creditors insist upon the appointment of a trustee, they must advance the statutory fees, or otherwise arrange for his compensation.

In Bankruptcy.

SEAMAN, District Judge. In this case the bankrupt filed with his petition the statutory affidavit that he is without, and cannot

obtain, the money with which to pay the advance fees. His testimony in that regard taken on the examination before the referee is certified for consideration by the court, and instructions are requested upon the following questions: (1) Whether further proceedings should be had under the petition until deposit by the bankrupt of the advance fees; and (2) whether it is necessary that a trustee be appointed, as the assets scheduled are esteemed to be worthless; and, if so, has the referee power to compel one to accept and qualify as such without compensation.

1. On the examination of the bankrupt inquiry was made both as to his individual means, earnings, and circumstances and the means and circumstances of his wife and other relations; and in reference to the latter inquiry, if material, his answers are neither satisfactory nor ingenuous. No means are disclosed, however, within the present ownership or control of the bankrupt to justify an order requiring deposit of the advance fees of $25. The provision of the statute in this regard has received various constructions, and the utmost liberality in favor of the bankrupt is indicated in the opinion of the circuit court of appeals for the Fifth circuit in Sellers v. Bell, 94 Fed. 801, 814, 36 C. C. A. 502. Without adopting the extreme view there expressed, I am clearly of opinion that the statute intends to exempt a petitioner who has no means from making the preliminary deposit of $25, and must be fairly interpreted to that end; that the affidavit in connection with the schedules establishes prima facie right to such exemption, subject, however, to investigation; and, if the inquiry is fairly answered respecting available means, and none appear held by the petitioner when the proceedings were instituted, nor obtainable through his individual earnings or efforts, the exemption must be allowed.

2. In the absence of substantial assets, either appearing from the schedules or discoverable, the appointment of a trustee is not indispensable, and clearly no power exists to require acceptance and qualification by one who may be chosen, but refuses to accept without compensation. If creditors insist on an appointment under such circumstances, they must furnish the advance fee, or otherwise arrange with the proposed trustee.

---

In re RUSSELL et al.

(Circuit Court of Appeals, Second Circuit. April 3, 1900.)

No. 132.

1. BANKRUPTCY—APPEAL AND REVIEW—APPEALABLE ORDERS.

An order of the district court, in bankruptcy, enjoining the prosecution of an action of replevin brought in a state court against a trustee in bankruptcy by a third party, claiming goods in his possession, and referring the claim of such party to a referee in bankruptcy to ascertain and report the facts, is not a final decision, or appealable, under Bankr. Act 1898, § 25, but may be brought before the appellate court for review on a petition invoking the supervisory power of that court under section 24b.

2. SAME—JURISDICTION—STATE AND FEDERAL COURTS.

State courts have jurisdiction, concurrent with that of the courts of bankruptcy, of actions to determine the rights or titles of third persons,