[No. 4241.   Decided November 12, 1902.]

A. L. SMALLEY et al., Respondents, v. GEO. F. LAUGENOUR et ux., Appellants.

APPEAL — NOTICE — PARTIES.

A defendant who disclaims any interest in the subject-matter of an action is not a necessary party to an appeal from the judgment therein, and therefore need not be served with notice of appeal.

SAME — TO WHOM ADDRESSED.

The statutory provision requiring notice of appeal to be served on all parties who have appeared in the action does not require that the notice shall be directed to all parties who have appeared, but it is sufficient if the notice be directed to the prevailing parties.

SAME — SERVICE BY ATTORNEY FOR APPELLANT UPON PLAINTIFF AS ATTORNEY FOR ANOTHER PARTY.

The fact that attorneys for appellants are also attorneys for one of the other parties to the action would not debar their serving themselves with notice of appeal as attorneys for such client not appealing, when there is nothing in the record showing a conflict of interest between their clients.

JUDGMENTS — RES JUDICATA — AWARD OF EXEMPTIONS IN BANKRUPTCY.

A judgment of a bankruptcy court that certain property of the bankrupt was exempt from his debts is res judicata in an action of ejectment brought by the purchaser of such property at execution sale upon a judgment against the bankrupt.

BANKRUPTCY — JURISDICTION OF COURT AND OF TRUSTEE.

Although the United States bankruptcy act makes it the duty of the trustee in bankruptcy to set apart the bankrupt's exemptions, such duty is merely ministerial, and the power to make an order setting apart to a bankrupt certain property as exempt is vested by the same statute in the bankruptcy court.

SAME — POWER TO SET APART EXEMPTIONS.

A bankrupt being obligated to schedule all his property in his petition for bankruptcy—that claimed as exempt as well as that not so claimed—the bankruptcy court has jurisdiction to pass upon the character of all his property, and set apart the exemptions allowed by law.

SAME — RULES OF SUPREME COURT.

The *supreme court* being empowered by the bankruptcy act to prescribe all necessary rules for carrying it into effect, and having provided by rule that no trustee need be appointed in certain cases, the failure to appoint a trustee under such circumstances would not affect the jurisdiction of the bankruptcy court to make a valid order with reference to the bankrupt's exempt property.

SAME — PRESUMPTIONS AS TO VALIDITY OF PROCEEDINGS.

Where the trial court found that an order of the bankruptcy court setting apart property as exempt was "regularly made," it cannot be objected on appeal that the order was made without notice to the creditors, there being nothing in the record rebutting the presumption that all the necessary steps were taken to give it validity.

SAME — JUDGMENT OF COURT — RELATE BACK TO FILING OF PETITION.

A judgment in the bankruptcy court relates back to the institution of the bankruptcy proceedings, and, where it had adjudged certain property exempt from debts as a homestead, a sale in the state courts of such property under execution was void, although the execution sale was prior to the award of exemption in bankruptcy, but subsequent to the initiation of the proceedings.

Appeal. from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Reversed.

*Crow & Williams,* for appellants.

*Myers & Warren,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—This was an action of ejectment, brought by the respondents against the appellants and defendants to recover the possession of certain real property situated in Lincoln county, in this state. The action was tried by the court without a jury. The findings of fact are accepted by both sides as correct, and the cause is here on the question whether the proper judgment was entered upon the findings.

The findings of fact material to the inquiry are substantially these: The appellants are husband and wife,

and acquired the land in controversy as early as the year
1885.   On March 16, 1895, the respondents and one L. J.
Hutchings, as partners, recovered a judgment in the su-
perior court of Lincoln county on a community debt
against the appellant Geo. F. Laugenour for the sum of
$363.45.   On April 12, 1899, execution was issued on
the judgment, and levied on the land mentioned, under
which, after due advertisement, it was sold at public auc-
tion to the respondents for the sum of $532.15, being the
amount then due on the judgment.   Thereafter the sale
was confirmed by the court, and, after the time for re-
demption had expired, a sheriff's deed was executed and
delivered to the purchasers, which they caused to be re-
corded.   On May 10, 1899,—three days before the execu-
tion sale took place,—the appellant Geo. F. Laugenour
filed in the United States district court for .the district
of Washington, his voluntary petition in bankruptcy, in
the schedule to which he listed the land in controversy,
claiming the same as exempt under the bankruptcy act.
On May 11, 1899, the referee in bankruptcy, to whom the
proceedings had been referred, adjudged the petitioner a
bankrupt, and thereupon gave to the creditors of the bank-
rupt, shown in the schedule attached to the petition, among
whom were the respondents, the formal notice required
by the bankruptcy act, notifying them of the adjudication
of bankruptcy, of the time and place fixed for the first meet-
ing of the creditors, that they might attend at such meeting,
prove their claims, examine the bankrupt, and transact
such other business as should properly come before the
meeting.   None of the creditors appeared at the time
fixed for the meeting, viz., June 5, 1899, and no trustee
was elected or appointed; the referee finding that no neces-
sity existed therefor.   On August 9, 1899, the bankruptcy

court entered an order discharging the bankrupt from all
debts and claims made provable against the bankrupt's
estate, and on August 12th "regularly made an order in
said bankruptcy proceedings setting aside to said bankrupt,
as exempt under the act of congress relating to bankruptcy,
the real estate hereinbefore described, and awarding said
real estate to the said bankrupt." The court further found
that since the execution sale the appellants had been in pos-
session of the real estate, claiming to be the owners of the
same, and for several years last past had resided in Spo-
kane county, Washington, and that the real property, dur-
ing the time, had been occupied by the defendant Harry
Gilliland, as their tenant. On the facts so found it ruled
that the respondents were the owners and entitled to the
possession of the premises, and entered judgment accord-
ingly.

The respondents move to dismiss the appeal, assigning as
reasons therefore: (1) That the notice of appeal is insuf-
ficient; (2) that the notice of appeal given was not served
on the defendants Green and Gilliland; and (3) that the
appeal bond was not filed in time. The contention that
the notice of appeal is insufficient is based upon the fact
that it is not directed to the defendants Green and Gilli-
land, each of whom appeared in the action; the former by
filing an answer disclaiming any interest in the subject-
matter of the action, and the latter by setting up a lease-
hold interest expiring at a fixed time. It is said that be-
cause these parties had appeared in the action, and did not
join in the notice of appeal, it was necessary to serve the
notice of appeal on them; and that a notice of appeal not
directed to a party, whether served on him or not, is inef-
fectual to bring that party before the appellate court. The
defendant Green, having answered, disclaiming interest,

was neither a necessary nor a proper party to the appeal, and service of notice upon him was unnecessary. *Watson v. Sawyer,* 12 Wash. 36 (40 Pac. 413). The interest of the defendant Gilliland in the premises, as shown by his answer, had expired before the trial of the action, and the judgment against him was to the effect that he had no interest, and it may be seriously questioned whether it was necessary to serve him with the notice of appeal at all. But conceding that it was, we cannot agree that it was necessary that the notice be directed to him. The statute relating to notices of appeal does not, in terms, provide that it shall be directed to anyone. To appeal is not to institute an original proceeding, nor is the notice in any sense a summons or a writ to bring parties before the court. It is a notice, and nothing more. It would seem, therefore, that when the notice is properly entitled as of the action in which the appeal is taken, and informs the parties to the action who the appellants are, and the judgment or part of the judgment appealed from, it complies with all the requisites of a proper notice, and, consequently, with the directions of the statute. But if it be said the statute implies the requirement that the notice of appeal be directed to any of the parties, it is sufficient if it be directed to the prevailing parties. Two methods of giving notice of appeal are provided by the statute. The notice may be given orally in open court at the time the judgment or order appealed from is rendered or made, in which case the judge shall direct the clerk to make an entry of such notice in the journal of the court, or, "if the appeal be not taken when the judgment or order appealed from is rendered or made, then the party desiring to appeal may, by himself or his attorney, . . . serve written notice on the prevailing party or his attorney that he appeals from such judg-

ment or order, . . ." Bal. Code, § 6503. A subsequent section (Id. § 6504), provides that all parties whose interests are similarly affected may join in the notice of appeal, and that any such party who has not joined in the notice when given may do so within ten days after the notice is served on them by filing a statement to that effect with the clerk of the superior court, or may within that time serve an independent notice of appeal; further providing that, when a notice of appeal is not given at the time the judgment or order appealed from is rendered or made, it shall be served on all parties who have appeared in the action. It is plain, however, that the purpose of this is not to make such parties parties to the appeal, but is for the purpose of giving them an opportunity to become such should they so desire. There can, then, be no implied requirement that the notice be directed to them. Here the notice was directed to the prevailing parties, and we hold it sufficient as a notice of appeal.

It appears that the attorneys representing the appellants also represented the defendant Gilliland in the court below. On taking the appeal they acknowledged service of the notice thereof on themselves as attorneys for Gilliland, and it is contended that this is sufficient to show a service of the notice on that defendant. If the service was insufficient, it is because the attorneys representing Gilliland in the court below were without authority to represent him on the appeal, and this want of authority must be gathered from the mere fact that they are the attorneys representing the appellants. But is this fact of itself sufficient to show a want of authority? We think not. Unless there is a conflict of interest between this defendant and the appellants, the same counsel can with propriety represent the interests of both; and, as the record shows no conflict of interest, it will not be presumed that any such exists.

The third ground of the motion is rendered pointless by the supplemental transcript sent up by the appellants. The motion to dismiss is denied.

Passing to the merits of the controversy, it is at once obvious that the correctness of the judgment of the trial court must depend upon the effect that is given to the order of the bankruptcy court setting apart to the bankrupt the property in question as property exempt from the claims of his creditors. It will be remembered that the statute of this state permits a head of a family to select from his or her real property a homestead of a limited value, and exempts the same from the liens of general judgments, and from execution or forced sales thereunder. (Ballinger's Code, § 5214 *et seq.*); that the selection may be made at any time before sale *(Wiss v. Stewart,* 16 Wash. 376, 47 Pac. 736); and that an execution sale thereof after such selection is ineffectual to pass title to the purchaser *(Wiss v. Stewart, supra; Asher v. Sekofsky,* 10 Wash. 379, 38 Pac. 1133). If, therefore, the property in question was exempt from execution at the time the sale was made under the execution issued on the respondents' judgment, the respondents acquired no title thereto by their purchase at the execution sale, and consequently have no title on which they can maintain the present action. Now, the appellants were at liberty to establish this fact in one or both of two ways,—they could plead and prove facts showing the property to have been exempt from execution at the time of the sale, thus making the question directly an issue in the state court, or they could plead and prove that the question had been once adjudicated between the parties in a court of competent jurisdiction, having the parties and the subject-matter before it. The appellants chose the latter method. They sought to show

that the property was exempt by showing that a bank-
ruptcy court, having jurisdiction of the person and estate
of the appellants, in a proceeding in bankruptcy in which
the respondents' judgment was provable, had awarded the
property to the appellants as property exempt from the
claims of his creditors.  As this order related back to the
time of the institution of the bankruptcy proceedings, it is
*res judicata,* if it has the force of *res judicata* at all, that
the property was exempt from sale at the time sale thereof
was made, and hence an adjudication that the sale was
void.

Why has not the order the effect of *res judicata* between
the parties as to the status of the property at the time of
the institution of the bankruptcy proceedings?  The re-
spondents suggest several answers, and, as these involve
the whole question, we will discuss them in order.

It is first said that the order is invalid because it was
made by the judge of the court, while § 47, cl. 11,
of the bankruptcy act (30 St. at Large, 557), makes
it the duty of the trustee to "set apart the bank-
rupt's exemptions."  The order here in consideration was
made by the judge of the bankruptcy court while in the ex-
ercise of his judicial functions, and is the order of the
bankrupt court.  By § 2, cl. 11, of the bankruptcy act, the
bankruptcy court is expressly vested with jurisdiction "to
determine all claims of bankrupts to their exemptions, and
by cl. 15 of the same section the court has jurisdiction to
"make such orders, issue such process, and enter such
judgments in addition to those specifically provided for as
may be necessary for the enforcement of the provisions of"
the act.  The first of these clearly confers upon the bank-
ruptcy court power to determine what property of the
bankrupt is and what is not exempt property, and the

second clause just as clearly confers the power to make such orders as the court may find necessary to enable the bankrupt to become possessed of the property the act allows to him as exempt.   On the other hand, the duties of the trustee with reference to the bankrupt's exempt property are ministerial.   While he is authorized by the act to set aside the bankrupt's exemptions, he cannot determine disputed questions arising over the right to exemptions. Nor are his acts with relation to exemptions, where there is no dispute, in any sense final.   He is obliged to report his doings to the court, and certainly the court can and would of its own motion correct his abusive acts, however the same might be called to its attention.   There can be, therefore, it seems to us, no question as to the power of the bankruptcy court to make an order setting apart to a bankrupt certain property as exempt.

It is next said that, conceding the property to have been exempt, the title thereto would not have vested in a trustee, and the bankruptcy court would have no jurisdiction over it.   Aside from the fact that such a concession would seem to be fatal to the respondents' title, as the property was not subject to execution sale if exempt, we cannot think the conclusion sound.   The bankrupt is obligated to schedule all of his property in his petition in bankruptcy,—that which he claims as exempt as well as that to which he makes no such claim,—and it is the duty of the bankrupt court to determine and set apart to him the exemptions allowed by law.   Clearly, the property is subjected to the jurisdiction of the court, no matter in whom the legal title thereto may be said to rest.   To contend differently is to contend that the court's order is a valid and binding adjudication when it decides that the property is not exempt, but a mere nullity when the decision is otherwise.

However inconsistent the language of the act may be, it certainly did not contemplate such an absurdity as this. The clause of the bankruptcy act vesting in the trustee the title to all the bankrupt's estate "except in so far as it is to property which is exempt" was intended, it seems to us, to do away with the necessity of a conveyance from the bankrupt to the trustee, and nothing more; it was not intended to deny to the bankruptcy court the power to make valid orders with reference to all or any of the bankrupt's property, whatever may be its character, or whether the title may be in the bankrupt or the officer of the court.

Again, it is said that because in this case no trustee was appointed the court was without power to make a valid order with reference to the bankrupt's exempt property. What we have said in answer to the last objection would seem to answer this, but there is an additional reason why the contention is unsound. The bankruptcy act (§ 30) expressly empowers the supreme court of the United States to prescribe all necessary rules for carrying the act into force and effect, and that court has, by rule XV., empowered the bankruptcy court to direct that no trustee be appointed where the schedule of a voluntary bankrupt shows no assets, and no creditor appears at the first meeting; using the term "assets" evidently in the sense that there is no property available to the payment of the claims of the creditors or the expenses of the trustee, not that there is absolutely no property. See *In re Levy,* 101 Fed. 247. This rule, if valid, is as much a part of the bankrupt act as is any section or clause of that act; and, unless it is to be held that the supreme court exceeded its powers in the announcement of the rule, it cannot be held that the appointment of a trustee is necessary in order to enable the court to make a valid order with reference to exempt property.

No reason is suggested why the rule is not within the legitimate powers of the supreme court, and, as we perceive none, we cannot but hold the ruling of the bankruptcy court to the effect that there was no necessity for the appointment of a trustee in the proceedings in question a valid order in no way affecting its other powers.

Again, it is said that the order setting apart the property as exempt was made without notice to the respondents and hence has no force as against them.    To this it is a sufficient answer to say that the record does not bear out the fact here assumed.    The trial court found that this order was "regularly made," which presumes that all of the necessary steps were taken to give it validity, if it was within the power of the court to make it.

Lastly, it is said that the order of the court setting apart the property as exempt does not purport to, nor does it in law, affect existing liens upon the property set apart as exempt, and, unless the liens thereon be such as the law avoids of its own force, such liens may be enforced in the state court against and to the extent of the property affected by the lien, notwithstanding the order setting it apart as exempt and the discharge of the debt in bankruptcy.    In cases of liens which can exist independent of the question whether or not the property is exempt, undoubtedly the rule here invoked would be applicable; but the lien of a general judgment is not such a lien.    It is a lien upon real property, only, which is not exempt. Hence, if this property was exempt at the time of the filing of the petition in bankruptcy, the judgment under which it was sold was not a lien thereon, and to assume that the judgment was a lien is to assume that it was not exempt,— the very question at issue.    It must be borne in mind that the order of the bankruptcy court related back to the time

of the filing of the petition in bankruptcy, and is a judgment of that court that the property was exempt at that time, and is, in its effect, a judgment that the respondents' judgment was not a lien on it. This being so, it cannot be said that it was set apart subject to a lien, or that the question whether the judgment of the respondents was or was not a lien on it was left open to investigation in the state courts.

The conclusion must follow, therefore, that the order of the bankruptcy court was an order of a court of competent jurisdiction, having the parties and the subject-matter before it. As such it is conclusive between the parties of the question decided. This question was that the real property in dispute was exempt from execution at the time the respondents attempted to sell it upon their judgment. The sale was, for that reason, void, and the appellants entitled to the judgment prayed for in their answer.

The judgment is reversed, and the cause remanded, with instructions to enter a judgment for the appellants in accordance with the prayer of the answer.

REAVIS, C. J., and MOUNT, ANDERS and DUNBAR, JJ., concur.