[No. 4610. Decided August 15, 1903.]

FRED WAGNER *et ux.*, *Respondents*, v. HENRY MAHRT, *Appellant*.

HIGHWAYS — INJUNCTION AGAINST OPENING VACATED ROAD — SUFFICIENCY OF COMPLAINT.

A complaint in an action to restrain a road supervisor from opening a highway through plaintiff's land states a cause of action, when it sets up that such proposed road had formerly been a highway but had been vacated by the county commissioners and relocated elsewhere, even though there was no allegation showing the consent of the property owners whose lands were taken for the relocation of the road, inasmuch as the presumption of such consent would arise in the absence of a showing to the contrary.

SAME — EVIDENCE — OBJECTIONS NOT URGED BELOW.

An objection that the admission in evidence of records of the county commissioners was erroneous, on the ground that only certified copies were competent, cannot be urged on appeal when not specified as a ground on the trial.

SAME — PRESUMPTIONS AS TO VALIDITY OF PROCEEDINGS.

A finding by the court that a petition to the county commissioners for the vacation and relocation of a road was duly and regularly heard and granted raises the presumption that the evidence disclosed that all the necessary steps were taken by the commissioners to give their action validity.

APPEAL — FINDINGS OF COURT — REVIEW.

Findings of fact and conclusions of law will not be reviewed on appeal when the record fails to show exceptions thereto in the trial court.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*R. M. Dye, N. T. Caton* and *Martin & Grant,* for appellant.

*Myers & Warren,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—Respondents brought this action to restrain appellant, as road supervisor, from entering upon their premises, and tearing down fences built across what appellant claims is a public highway. The complaint alleges that a public highway once existed at the place where appellant tore down the fences, but that the same was vacated by the board of county commissioners in August, 1892. A temporary restraining order was issued, and appellant thereafter answered the complaint, denying its material allegations, and pleading affirmatively that the road had never been vacated or changed. The cause was tried by the court, and resulted in a judgment that the appellant, as road supervisor, and his successors in office, are enjoined from entering upon said premises, and tearing down the fences or opening up said road through respondents' lands. This appeal is from said judgment.

It is assigned that the court erred in overruling appellant's objection to the introduction of any testimony, for the reason that the complaint does not state a cause of action. We think the complaint states a cause of action. It alleges the former existence of the highway, and that a petition was filed with the board of county commissioners praying for the vacation and change of that portion involved here; that a hearing was had before the county commissioners, and a vacation of the road ordered; that, soon after the vacation, fences were built by the then owner of said premises across said vacated road, and that at all times since 1892 said road has been wholly abandoned as a highway, and has not been used as such; that during all said time, said premises have been fenced on all sides, and all of said land, including the roadbed of the former road, has been under cultivation, and that no

trace of said road now exists. The acts of the appellant in attempting to open up the former road are also alleged. If we understand appellant's point in making this objection, it must be based upon the petition for the vacation of said road. We find in the transcript what purports to be a copy of the petition, but it is not referred to in the complaint as an exhibit, and we are unable to determine from the record that it was actually made a part of the complaint. We will assume, however, that, it was made a part of the complaint, and that the objection, therefore, reached to its contents, even before it was offered in evidence. It is urged that the petition showed that the road proposed to be vacated ran through the lands of one Reynolds, and did not show that the proposed change and relocation was through his lands; that it did show that the proposed re-location was to be upon a section line, and, as it was not shown that said Reynolds owned the land upon both sides of said line, it therefore appeared that at least a portion of the proposed re-location, viz., that upon the other side of the section line, must have been upon lands not owned by Reynolds. Appellant argues from this that, as the petition showed no consent on the part of such other land owner for such occupation by the proposed highway, it was therefore impossible for the commissioners to make the change, and open up such new road without condemnation proceedings, under the decision in *Peterson v. Smith,* 6 Wash. 163 (32 Pac. 1050). It is true the petition did not, in terms, state who was the owner of the lands adjoining the section line upon the other side, but there was no statement therein that negatived the fact that Reynolds may have been such owner, and there was nothing in the petition to negative the fact that some other freeholder who signed the petition and asked for such re-loca-

tion may not have been such owner.    Since the petition does not disclose that consent of the land owner was not had, we think, for the purpose of admitting evidence as to proceedings based upon that petition, it should be presumed, until the contrary appears, that such consent was obtained.    It was not error, therefore, to overrule the objection to the introduction of any evidence.

It is urged that it was error to admit in evidence, over appellant's objection, certain records of the county commissioners pertaining to the vacation and re-location of this road, for the reason that only certified copies thereof were competent.    The objections did not, however, specify that reason.    They were urged upon other specified grounds, and we think for that reason appellant should not be heard to urge that ground of objection now.

The court found the facts essentially as alleged in the complaint, and concluded therefrom that said highway had been regularly vacated, and that appellant was without right seeking to re-open the road.    It is now urged that the court erred in making such findings and conclusions.    The record discloses no exceptions to the findings of facts or conclusions of law.    Appellant is therefore not in position to have them reviewed here.    Among other things, the court found:

"That on or about the first day of July, 1891, a petition was filed with the board of county commissioners of said county, praying for the vacation of that portion of said road across said premises, and that the same be changed so as to run along and near the north and west boundaries of said premises; that thereafter and on or about the 5th day of August, 1892, the board of county commissioners of Lincoln county, Washington, at a regular session thereof and after said petition had been duly and regularly brought on for hearing, entered an order granting said petition."

35-32 WASH.

The following conclusion was also entered by the court:

"That that part of said meridian road which formerly extended through said premises as described in paragraph 3 of the findings of facts has been vacated by the board of county commissioners of Lincoln county, Washington, and is not now and has not been since the 5th day of August, 1892, a legal highway of said county."

The trial court having found that the petition was duly and regularly heard and granted, the rule stated in *Smalley v. Laugenour,* 30 Wash. 307 (70 Pac. 786), applies here.    The court there said:

"The trial court found that this order was 'regularly made,' which presumes that all of the necessary steps were taken to give it validity, if it was within the power of the court to make it."

The judgment is affirmed.

FULLERTON, C. J., and ANDERS, DUNBAR and MOUNT, JJ., concur.