## Roberts, et al. v. Martin.

(Decided March 19, 1914.)

### Appeal from Knott Circuit Court

1.  Bankruptcy—When Bankrupt Not Divested of Property.—Although one is adjudged a bankrupt, where no creditors appeared; no trustee elected or appointed to administer on the estate; no steps taken to dispose of his land, and the bankrupt finally discharged, any property not administered on remained the property of the bankrupt.

2.  Land—Action to Quiet Title—Estoppel.—In an action to quiet title to land, evidence examined and held that the plea of estoppel interposed is not sustained.

STEWART & BAILEY and B. P. WOOTTON for appellants.

SMITH and COMBS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellee instituted this action to quiet his title to about 80 acres of land in what is known as Blue Grass Hollow of Troublesome Creek, and to enjoin Roberts from trespassing thereon. The pleadings were made up, the case submitted upon the proof, and the lower court found for Martin and awarded him all the relief he prayed for.

It is conceded that in 1882 Martin was the owner of a large tract of land, about 3,000 acres, in that vicinity, and that he conveyed all of the same to his several children, jointly, except the boundary in question. To this boundary he retained title. In 1897 the children by agreement met and executed mutual deeds of partition, and the deed to his daughter, Frances, who was then the wife of J. F. Combs, was so drawn as to include the boundary in question. The appellee, Martin, was not a party to any of these deeds, although it is admitted that he was present during some of the time the children were negotiating for the division, and during the preparation of some of the deeds at least, and even advised and suggested in general terms to the children some of the sections which different ones should take. Subsequently Combs conveyed to Napier, and Napier to Southers, and Southers in the year 1907 conveyed to appellant, Roberts. These conveyances embraced all the land which was conveyed to her as her part of the original tract, and included also the boundary in question. Until

1907, when the appellant got the land, it was open and unoccupied, although there is a plea of adverse possession. This plea, however, is not seriously urged. Roberts urges two other defenses which are worthy of more consideration, namely, (1) that by his presence, advice, counsel, and acquiescence, at the time the deeds in partition were executed, appellee is now estopped to claim the land, and (2) that in the year 1903 appellee voluntarily filed a petition in bankruptcy, and being duly adjudged a bankrupt, he thereby divested himself of title to this land. The facts as to bankruptcy are admitted by reply, but it is further alleged that the referee called a meeting of the creditors in February, 1904, and that all of them were notified, but none appeared, and therefore, no trustee was elected or appointed to administer upon his estate, and no steps were taken in bankruptcy to dispose of his land; that in 1904 he was discharged. Appellant never denied these statements. The U. S. Supreme Court has held in case of Johnson v. Collier, 222 U. S., 538, that:

"While for many purposes the filing of the (bankrupt's) petition operates in the nature of an attachment upon choses in action and the other property of the bankrupt, yet his title is not thereby divested. He is still the owner, though holding in trust until the appointment and qualification of the trustee, who thereupon becomes vested by operation of law with the title of the bankrupt as of the date of the adjudication."

The court further said in the same case:

"Until such election, the bankrupt has title, defeasible but sufficient to authorize the institution and maintenance of a suit on any cause of action otherwise possessed by him."

The authorities without exception have held as in the case of Woods v. Baker, 14 N. Y. Supp., 821, that:

"The logical and necessary result of the discharge of the assignee in bankruptcy and of the bankrupt himself was to repossess the plaintiff of all the property rights which the district court (failed or) refused to regard as assets."

We are of the opinion that Martin was not divested of title until a trustee should be appointed, and that if none was appointed, or if the estate was administered without disposition of this property, the case dismissed, and the assignee discharged, then any property not administered remained his.

Levy, 101 Fed., 247; Fuller v. N. Y. Fire Ins. Co., 184 Mass., 12; Rand v. Iowa Cent. R. Co., 89 N. Y. S., 212; Peery v. Carnes, 86 Mo., 652.

On the question of estoppel, Roberts' plea and his proof are both short of requirements in such cases. It is not intimated that Roberts was present at the time of the division, or that Martin had ever said anything to him, or done anything to induce him to make the purchase. It is not alleged that Roberts or any of those under whom he claims were ignorant of the fact that appellee owned, or claimed to own this land at the time of the several transfers, nor that he or any of them were misled or induced to take any action, or to part with anything of value by reason of any silence, acquiescence, or acts of appellee. As understood from the pleadings and proof, nothing was actually done by Roberts, or any of his prior grantors, that would not have been done had they known of the appellee's claim of title, 16 Cyc., 734 and 809.

It is unnecessary to notice appellee's motion to dismiss the appeal, for the case on the merits should be affirmed, and it is so ordered.