[No. 6298.  Decided November 9, 1906.]

JOHN R. FOSTER *et al.*, *Respondents*, v. H. C. TAYLOR *et al.*,
*Appellants.*[1]

BROKERS—COMMISSIONS FOR SALE OF REAL ESTATE—ACTION TO RE-
COVER—EVIDENCE—SUFFICIENCY.  A judgment for a broker's commis-
sion in the sum of $500 is supported where the uncontradicted evi-
dence was to the effect that, after authorizing a sale at $3,000, upon
a commission of five per cent, the owners left it to an agent, au-
thorizing any deal he might make, and the agent authorized a sale
for $3,500 with a commission of $500, which the brokers made, the
owners afterwards refusing to complete the deal.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered March 5, 1906, upon findings
in favor of the plaintiffs, after a trial on the merits before
the court without a jury, in an action for a broker's commis-
sion for the sale of real estate.  Affirmed.

*Ira Bronson* and *D. B. Trefethen*, for appellants.

*Hastings & Stedman*, for respondents.

DUNBAR, J.—The complaint alleges, in substance, that the
respondents, who are real estate brokers in the city of Seattle,
were employed by H. C. Taylor, one of the appellants, to
sell the property described in the complaint, first for $2,000,
then $2,500, then for $3,000; and agreed to pay the usual
five per cent commission; that shortly before the appellant
Taylor left the city, he told Mr. Knipe, one of the respond-
ents, that if he had an opportunity to sell the property, he·
could go to one McConnaughey, who he claimed had some
interest in the property, and deal with him just the same
as directly with Taylor; that having a chance to sell the
property, Knipe sought McConnaughey, and McConnaughey
told him he could sell it, and all over $3,000 that he (Knipe)
obtained he could have as his commission; that he obtained a

[1]Reported in 87 Pac. 358.

purchaser, one Sol Asher, for the sum of $3,500, receiving $100 from Asher to bind the bargain; that the appellants were notified of the sale, and refused to comply with their contract, and this action was brought to recover the $500 claimed to be due respondents. The answer was in effect a general denial. The case was tried by the court, who found the issues in favor of the plaintiffs, respondents here.

As was said by the court in an opinion accompanying the record, we do not see how this case could be otherwise decided than in favor of the respondents. The testimony showed, that the allegations of the complaint were true; that the appellants had placed this property in the hands of the respondents for sale, agreeing to give them five per cent commission; that, when appellants went away, they referred respondents to McConnaughey, saying that if they had an opportunity to sell the land, they could deal with him the same as they could with the appellants; that the respondents made a contract with McConnaughey that, if they sold the land, any amount which they received over $3,000 should constitute their commission. This was the positive testimony of the respondents, and it was also testified to by McConnaughey, the appellants' agent, who testified that the transaction was a straight one, that he was informed at the time the sale was made that the respondents were getting $3,500 for the land, and that he told them that it did not make any difference to the vendors how much respondents got; that the vendors wanted $3,000 clear to them. The contract also provided that a good title should be given to the purchaser.

The appellants were informed of the sale, and sent a deed for the land, but some taxes were discovered to be due on the land, and the deed in form not suiting the attorney for the purchaser—being a deed of special warranty—other deeds were prepared and executed by the appellants, but before the deeds were satisfactorily executed the transaction was declared off, and the appellants refused to convey. This testimony is uncontradicted, the appellants not testifying in

the case either orally or by deposition, and no one testifying in their behalf. It is true that the counsel for the appellants testified in the case, but his testimony did not reach any of the material issues, he claiming his legal right to refuse to divulge private correspondence and communications between himself and his client. The record is very brief, but seems to us to be absolutely conclusive of the respondents' right to recover.

Judgment is therefore affirmed.

FULLERTON, HADLEY, ROOT, and CROW, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.