[No. 7843. Decided April 1, 1909.]

M. FRANCIS KANE, *Appellant*, v. THOMAS DAWSON *et al.*, *Respondents*.[1]

APPEAL—REVIEW—NONSUIT—CORRECT DECISION BASED ON WRONG GROUND. Upon appeal from a judgment of nonsuit, where the evidence is before the supreme court, the judgment will be affirmed if correct, considering all the evidence, although the trial judge based his ruling on an incorrect view of the law.

BROKERS—ACTION FOR COMMISSION—AUTHORITY. Where a broker was authorized to procure a purchaser who would assume assessments levied on the property he is entitled to commissions upon making a sale by the terms of which the purchaser was to deduct the assessment from the purchase price, which was not satisfactory to the owner.

SAME—TIME FOR CONTRACT. An action for a broker's commission is properly nonsuited where it appears from the date of checks given as earnest money that the sale was not made within the life of the broker's authority.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 17, 1908, upon granting a nonsuit, after a trial before the court without a jury, dismissing an action on contract. Affirmed.

*John T. Mulligan* and *James C. Moody*, for appellant.

*Willett & Willett*, for respondents.

[1]Reported in 100 Pac. 837.

CHADWICK, J.—Plaintiff brought this action to recover a real estate ·commission on a ·contract whereby defendants made him their agent to find a purchaser for certain property owned by them. The contract was entered into on November 5, 1906, and expired November 25 following. After that day the time limit was extended until December 5. The contract is set out in full in the case of *Littlefield v. Dawson*, 47 Wash. 644, 92 Pac. 428. This case was tried by the court without a jury. At the conclusion of plaintiff's case; the court sustained a motion for nonsuit, and plaintiff has appealed.

In passing upon the motion for nonsuit the court, among other things, said:

"I am satisfied from the evidence so far produced in this trial that Mr. Littlefield was ready, able and willing to buy this land upon the terms specified in the contract between the plaintiff and the defendants; that the failure to carry out that arrangement was by reason of the defendants in this case changing their mind as to their desiring to sell the property at the figures quoted in the contract. The case, however, must be decided upon the legal questions involved. I think under that contract that it was incumbent upon the plaintiff in this case either to find a purchaser ready, willing and able to purchase and produce him to the defendants, or enter into a binding contract with the purchaser so that he would be bound by the terms of his contract."

An elaborate discussion of the authorities is submitted for the purpose of showing the error of the court in this behalf. It may be that the court was in error in holding that appellant could not recover on his contract unless he had brought the parties face to face, or a contract had been entered into that could have been enforced against the vendee, if it had also been shown that the vendors had repudiated their contract. The question is not a new one, and has been decided by this court. *Foster v. Taylor*, 44 Wash. 313, 87 Pac. 358.

But we do not feel that we are bound by the reasoning of the lower court in passing upon a motion of this character.

The motion calls for a review of the evidence. The question before us is not whether the lower court arrived at a correct conclusion by an incorrect process of reasoning, but whether, considering all the evidence, its decision was the proper one to be entered. The court further found that the contract or receipt given by appellant to Mr. Littlefield, the purchaser, did not comply with the terms of the contract between appellant and respondents. This deduction from the evidence was well founded, and is in itself sufficient to sustain the judgment of the court. By the terms of his contract with respondents, appellant had undertaken to find a purchaser who would pay the purchase price and in addition thereto assume such assessments as might be then levied against the property; whereas the receipt for earnest money given Mr. Littlefield provided that the purchaser might assume the assessments and, if he did so, he could deduct them from the purchase price. Mr. Littlefield was not then a purchaser who was ready, able, and willing to buy upon the terms proposed by respondents.

There is another reason that warrants us in sustaining the lower court. The testimony of appellant and his witnesses does not convince us that the sale was made within the life of the contract. Two checks were drawn and given by Mr. Littlefield to appellant as earnest money; one for $100 was drawn and delivered December 8; the other for $400 on December 14. This, taken in connection with the testimony of Mr. Kane and Mr. Littlefield, shows that the sale was attempted to be made about the time the check for $100 was drawn, or three days after the contract with respondents had expired.

The judgment of the lower court is affirmed.

All Concur, except Parker and Morris, JJ., who took no part.