804

KATHLEEN PECK et al., *Appellants*, v. BETTER BUSINESS STANDARDS ASS'N, INC., et al., *Respondents*.[1]

*Zundel, Danz, Brain & Isaac,* for appellants.

*Wright, Innis, Simon & Todd,* for respondents.

DONWORTH, J.—This is an appeal from a judgment of dismissal entered when the trial court sustained a challenge to the sufficiency of the evidence at the close of plaintiffs' case after a trial to the court sitting without a jury.

Plaintiffs' amended complaint contained these allegations as to the status of each plaintiff:

"I.

"That the plaintiff, Kathleen Peck, doing business as Kathleen Peck Studios, hereinafter in this complaint referred to as Kathleen Peck Studios, is a resident of King County, State of Washington.  That said Kathleen Peck

[1] Reported in 271 P. (2d) 697.

Studios was and is the predecessor to Kathleen Peck, Inc., a corporation.

"II.

"That Kathleen Peck, Inc., a corporation, plaintiff herein, is a corporation, organized and existing under and by virtue of the laws of the State of Washington; that its principal place of business is in Seattle, King County, State of Washington, and that all corporate license fees due have been paid to the State of Washington for the current period. That said corporation is the successor in title and interest to the Kathleen Peck Studios."

The amended complaint alleged facts on which plaintiffs sought damages and injunctive relief from defendants Better Business Standards Association, Frank J. Zeorlin, its manager, and his wife, because of their alleged malicious interference with plaintiffs' business relationship with the owner of a Seattle daily newspaper by inducing it to remove from publication certain of plaintiffs' advertisements and to keep them out of the paper for a period of seventeen months.

Defendants answered by denying paragraphs I and II of the amended complaint and by denying all other material allegations of plaintiffs' amended complaint.

Plaintiffs' first witness was Henry Kirkpatrick, who testified as follows:

"Q. What is your connection with Kathleen Peck, Incorporated? A. I am president of the corporation. Q. What was your connection with the organization *at the time that these acts complained of happened?* A. I was business manager at the time and *in a form of a partnership with my sister, Kathleen Peck.*" (Italics ours.)

The testimony that Kathleen Peck and Henry Kirkpatrick were engaged in a partnership business when the alleged acts occurred which gave rise to this lawsuit is undisputed.

Despite the fact that defendants denied that the plaintiff corporation was the successor in title and interest to the Kathleen Peck Studios, plaintiffs presented no evidence whatever tending to prove that the corporation was successor in title and interest to Kathleen Peck Studios. Furthermore, plaintiffs presented no evidence whatever tending to

prove that anyone purporting to have any interest in the alleged cause of action had ever assigned such interest to plaintiff corporation.

At the close of plaintiffs' case, defendants challenged the sufficiency of the evidence on two grounds: (1) that the evidence was insufficient to warrant entry of judgment in favor of plaintiffs; and (2) that plaintiffs lacked legal capacity to sue.

The trial court held for defendants on the first ground, ruling that the evidence failed to show that defendants had interfered in any way with the business relationship between plaintiffs and the newspaper. A judgment of dismissal was entered, and plaintiffs appeal, assigning as error the granting of the motion challenging the sufficiency of the evidence.

As the record stands, it is undisputed that, at the time the cause of action for tort here sued upon arose, it belonged to neither appellant, but was an asset of the partnership then existing between appellant Kathleen Peck and her brother, Henry Kirkpatrick, who is not a party to this action. In the absence of proof that the alleged cause of action was ever assigned to appellant corporation by the partnership, the appellant corporation cannot maintain this action. *Smith v. Rowe,* 3 Wn. (2d) 320, 100 P. (2d) 401.

Nor can appellant Kathleen Peck as an individual maintain this action for the benefit of the partnership, which was dissolved at the time of the formation of the corporation. This court has held that one partner cannot maintain an action for the benefit of a partnership (either existing or dissolved) with respect to a partnership asset without showing an assignment thereof from the other partner or partners to himself unless all partners are joined as parties to the action. *Seltzer v. Chadwick,* 26 Wn. (2d) 297, 173 P. (2d) 991, and cases cited therein.

In this case no assignment from the partnership to appellant Kathleen Peck was alleged or proven, nor was Henry Kirkpatrick a party to the action.

We have held on many occasions that a judgment will be affirmed if correct on any ground, even though the

trial court relied on an erroneous ground in entering the judgment. *Kane v. Dawson,* 52 Wash. 411, 100 P. 837; *Holohan v. Melville,* 41 Wn. (2d) 380, 249 P. (2d) 777, 255 P. (2d) 899.

Since the evidence was insufficient to prove that the alleged cause of action here sued upon had ever been assigned to either appellant by the entity to which it had accrued, we must affirm the trial court's dismissal of the action. Consequently, we do not need to pass on the merits of the case to determine whether the trial court erred in ruling that appellants had not made a *prima facie* showing that respondents had maliciously interfered with the business relationship existing between appellants and the newspaper owner.

The judgment is hereby affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and WEAVER, JJ., concur.

---

July 22, 1954. Petition for rehearing denied.