[No. 3150.  Decided May 4, 1899.]

HILL ESTATE COMPANY, *Respondent,* v. W. H. WHITTLE-SEY *et al., Appellants.*

APPEAL BOND—EXECUTION BY ATTORNEY FOR APPELLANT.

An appeal bond signed by the attorney for appellants instead of by the appellant personally is not defective on that ground, under the appeal act of this state.

EVIDENCE—JUDICIAL NOTICE—RELIGIOUS SOCIETIES.

Judicial notice will not be taken of the nature of the duties or extent of the authority of vestrymen of a Protestant Episcopal church.

SAME—PRESUMPTION AS TO POWERS OF CHURCH OFFICERS.

It will not be presumed that the vestrymen of a church have power to bind the wardens or congregation without their consent, in the absence of any evidence as to their respective powers or duties.

RELIGIOUS SOCIETIES — PROTESTANT EPISCOPAL CHURCH — POWER OF
VESTRY TO MORTGAGE.

Real property conveyed to a bishop in trust and for the use of the wardens, vestry and congregation of an unincorporated Protestant Episcopal church cannot be incumbered by the vestrymen without the consent of the bishop.

EQUITABLE LIEN—WHEN ARISES.

One loaning money to the vestry of a church for the erection of a building on its land, secured by a mortgage which the vestry had no power to execute, is not entitled to an equitable lien.

Appeal from Superior Court, Jefferson County.—Hon. James G. McClinton, Judge. Reversed.

*A. W. Buddress,* for appellants.

*A. R. Coleman (Brinker, Jones & Richards,* of counsel), for respondent.

The opinion of the court was delivered by

Gordon, C. J.—In April, 1883, Mary Fowler, A. H. Tucker and Mary J. Tucker, the owners of the real estate hereinafter referred to, by their deed conveyed lots 1 and 3, in block 87 of the city of Port Townsend, in the then territory of Washington, unto the "Rev. John Adams Paddock, Bishop of Washington Territory, in trust for and for the use of the wardens, vestry and congregation of St. Paul's parish of the Protestant Episcopal church at Port Townsend." In October, 1888, James Jones, W. H. Whittlesey, A. H. Tucker, Charles Pink and Charles A. Dyer,

executed to plaintiff's assignor a promissory note as follows:

"Port Townsend, Washington Territory,
October 18th, 1888.

Two years after date, without grace, at 12 o'clock, M., we jointly and severally promise to pay to the order of Robert C. Hill at The First National Bank of Port Townsend, at its banking house in the City of Port Townsend, Twelve Hundred & Fifty Dollars, United States gold coin, value received, with interest from date until paid at the rate of ten per cent. per annum, interest payable quarterly, and if not so paid to become a part of the principal, and bear like interest until paid. And further agreeing, that if the same is not paid when due, and suit be brought to collect the same, to pay 5 per cent. on the sum due, as attorney's fees for collection.

$1250.00.

JAMES JONES,
WM. H. WHITTLESEY,    Vestrymen of St. Paul's
A. H. TUCKER,    P. E. Church of Port
CHAS. PINK,    Townsend, W. T."
CHAS. A. DYER,

And on the same date, as vestrymen, etc., executed a mortgage upon *lot 3* above mentioned, as security for the payment of such note. The mortgage has never been recorded. This action was brought against the above mentioned vestrymen and their successors, and against certain parties as members of, and for and on behalf of, all persons composing the wardens, vestry and congregation of the church, and against W. M. Barker, the present bishop of the diocese of Olympia, and certain other parties, for the purpose of foreclosing the mortgage upon lot 3, and also to enforce an equitable lien upon both of said lots for the amount found due upon the note. From a judgment and decree in plaintiff's favor, the defendants have appealed.

Respondent has moved to dismiss the appeal for the reason that the bond is signed by the attorney for appel-

lants, instead of by appellants personally. Upon authority of *Cook v. Tibbals,* 12 Wash. 207 (40 Pac. 935), and *Pennsylvania Mtge. Inv. Co. v. Gilbert,* 18 Wash. 667 (52 Pac. 246), the motion must be denied.

There was no evidence given tending in any wise to show that the signers of the note and mortgage were authorized to bind the congregation or the wardens of the church, nor tending in any wise to show the nature of their duties or extent of their authority as vestrymen. We certainly cannot take judicial notice of their power. *Beckwith v. McBride,* 70 Ga. 642.

The rules or canons of the church, if any exist, were not put in evidence; and, upon this phase of the case, we would be compelled to hold that the mortgage was void. But there are other reasons necessitating the same conclusion. At the time of the execution of the deed, in 1883, the church was, and still is, unincorporated, and had no capacity to take or hold the title. It was not a determinative body, and had no distinct entity, and the trustee became something more than a mere passive trustee to hold nominal title. His duty was to manage and preserve the trust property and otherwise conserve the trust interest. The trust became a continuing, executory trust, and the consent of the trustee was necessary to create any lien or charge upon it. *Beckwith v. McBride, supra;* 27 Am. & Eng. Enc. Law, p. 127.

Here it was conceded that the bishop was not a party to the note or mortgage, and there is absolutely no evidence in the record in any wise tending to show that he had actual knowledge of them. There is evidence showing that the proceeds of the loan were expended in the erection of a rectory building on lot 3 (covered by the mortgage), and also that in addition to the loan, a considerable fund

was collected by subscription and likewise expended in the construction of the building. But, as already stated, there is no evidence of any actual knowledge upon the part of the bishop, and there was no constructive notice, the mortgage itself being unrecorded. Here, then, was an attempt to incumber an estate without the knowledge or consent of the only person authorized and empowered to incumber or alienate. The attempt must fail.

The cases of *Mason v. Muncaster,* 9 Wheat. 446, and *Wanner v. Emanuel's Church,* 174 Pa. St. 466 (34 Atl. 188), cited by respondent, are not in point, because they were cases of *incorporated* religious societies, having trustees, whose acts were held to be the acts of the corporations.

But in still another view the mortgage must be held void. As already observed, the record is silent as to the powers or duties of the vestrymen. It is also silent as to the powers and duties of the wardens. Now, it will be noticed that the conveyance is in trust for, and for the use of, not the vestrymen alone or the wardens alone, but each of them, and also the congregation of the parish. It would be mere assumption to hold that the vestry had power to bind the wardens or the congregation without their consent. There is no more reason or authority for holding that the vestry alone could create this incumbrance, than for holding that the wardens could do so, or that the congregation, irrespective of the consent or acquiescence of either the vestry or the wardens, might do so. So that, if it were considered a merely passive trust, and the bishop a dry trustee, nevertheless it must follow that this mortgage, executed by one class of the beneficiaries only, would be invalid as to the remaining beneficiaries. In either view, the mortgage must fail.

The reasons which lead to the conclusion reached by us

concerning the mortgage operate against the assertion of the right to an equitable lien; and in addition, the very fact that security was attempted to be given upon one of the lots and not upon the other, precludes the idea that such other lot was intended to be pledged in any way for the re-payment of the loan. And further, this court has held in *Smith v. Allen,* 18 Wash. 1 (50 Pac. 783, 63 Am. St. Rep. 864), that a vendor's lien cannot exist or be asserted under our law; that the policy of our registry acts is against secret liens; and, following the course of reasoning upon which that decision is based, it also must be held that no equitable lien was created or established by the facts and circumstances arising in the present case.

The question of the personal liability of the signers of the note does not properly arise upon the record here, and, although it has been discussed somewhat at length by counsel, we must decline to pass upon it. For the reasons noticed, the judgment and decree of the superior court must be reversed and the cause remanded with direction to dismiss, and it is so ordered.

DUNBAR, FULLERTON, REAVIS and ANDERS, JJ., concur.