[No. 5060.    Decided January 5, 1905.]

FRANK R. McKINLEY *et al.*, *Respondents*, v. DAN
MORGAN, *Appellant.*[1]

EXEMPTIONS—FINDINGS OF BANKRUPTCY COURT—CONSTRUCTION—
AWARD OF EXEMPTIONS — CONCLUSIVENESS — EXECUTION SALE OF
EXEMPT PROPERTY—QUIETING TITLE.    In an action to quiet title
to lands sold to defendant under execution, and claimed by plain-
tiffs to have been set aside to them as exempt in a bankruptcy
proceeding, the finding of the referee in bankruptcy that "the
schedules of the bankrupt disclose no assets except such as are
claimed exempt and found by the court to be exempt," warrants
the trial court in finding that the property was pronounced ex-
empt by the referee and shows sufficient title in the plaintiff;
since the schedules must include all the property, and such
adjudication of the bankruptcy court being conclusive, the sale
of the property in the state courts under execution was void.

QUIETING TITLE—POSSESSION OF PLAINTIFF—COMPLAINT—SUF-
FICIENCY.    An allegation in a complaint in an action to quiet
title that the plaintiffs are entitled to the immediate possession
of the property, does not make it appear that the plaintiffs are
out of possession, and that ejectment is, therefore, the proper
remedy.

QUIETING TITLE—POSSESSION OF PLAINTIFF—NECESSITY OF—ES-
TOPPEL—FAILURE TO DEMAND JURY OR OBJECT TO FORM OF ACTION.
An action to quiet title will not be dismissed by the supreme
court on the ground that ejectment was the proper remedy, be-
cause of the plaintiffs' failure to allege or prove that they were
in possession or that the land was unoccupied, where the defend-
ant answered on the merits and proceeded to trial without de-
manding a jury, or raising the objection in the court below.

Appeal from a judgment of the superior court for Whit-
man county, Chadwick, J., entered September 22, 1903,
upon findings in favor of the plaintiffs, after a trial on
the merits before the court without a jury, quieting the
title to real estate.    Affirmed.

[1]Reported in 79 Pac. 45.

*Thomas Neill,* for appellant.

*H. E. Foster* and *John Pattison,* for respondents.

DUNBAR, J.—This is an action to quiet title, brought by the respondents against the appellant, to certain lots of land in the town of Oakesdale in Whitman county, Washington.    The complaint makes the ordinary allegations in cases of this kind.    The defendant answered, in substance, that he had obtained title to the land in dispute by purchase at execution sale, on judgment rendered against the respondents in favor of J. Ogle, trustee, said judgment having been assigned in writing to the appellant. The reply alleged the discharge in bankruptcy of the appellant by the United States bankruptcy court, at Seattle, Washington, and alleged that the property in dispute had been set aside as exempt property by the referee in bankruptcy in said bankrupt proceedings.    Upon the issues made by the pleadings and the stipulated facts, judgment was entered in favor of the plaintiffs as prayed for.

The substantial finding made by the court, so far as the matter in controversy is concerned, is that the said bankruptcy court duly and regularly set aside, to the said Frank B. McKinley, one of the plaintiffs herein, all of the property in controversy in this action, as exempt to him, and that the said order and judgment of the said district court of the United States, for the Western District of Washington, was conclusive in said matter. The contention of the appellant is that this finding was not justified by the facts, and that the conclusion that the bankruptcy court had set aside, as exempt, this property to Frank R. McKinley was a conclusion of law that was not based upon the facts in the case.

The court found, and there is no controversy on that subject, that the petition in bankruptcy was duly filed,

that the lots in controversy were listed and claimed as exempt under the said bankruptcy act. The following finding was made by the referee in bankruptcy:

"It appearing that the schedules of the bankrupt disclose no assets except such as are claimed exempt and found by the court to be exempt, that no creditor has appeared at the first meeting, that the appointment of a trustee for the bankrupt's estate is not now desirable, it is ordered that until the further order of the court no trustee will be appointed and no further meeting of the creditors be called."

It appears from the complaint, and is not disputed, that more than a year has elapsed since this order was made, but it is contended that this order of the referee in bankruptcy does not justify the conclusion that the property had been found to be exempt by the court.

This branch of the case falls squarely within the rule announced by this court in *Smalley v. Laugenour,* 30 Wash. 307, 70 Pac. 786, where it was held that, a bankrupt being obligated to schedule all his property in his petition for bankruptcy—that claimed as exempt as well as that not so claimed—the bankruptcy court has jurisdiction to pass upon the character of all his property, and set apart the exemptions allowed by law; that, the supreme court being empowered by the bankruptcy act to prescribe all necessary rules for carrying it into effect, and having provided by rule that no trustee need be appointed in certain cases, the failure to appoint a trustee under such circumstances would not affect the jurisdiction of the bankruptcy court to make a valid order with reference to the bankrupt's exempt property. It was also held in that case that a judgment in a bankruptcy court relates back to the institution of the bankruptcy proceedings, and, where it had adjudged certain property exempt from debts as a home-

stead, a sale in the state courts of such property under execution was void, although the execution sale was prior to the award of exemption in bankruptcy, but subsequent to the initiation of the proceedings. This proposition, however, we do not understand to be disputed by the appellants, but we think the statement of the court that "it appears that the schedule of the bankrupt discloses no assets except such as are claimed exempt and found by the court to be exempt," warranted the trial court in the finding that the property had been pronounced exempt by the referee in bankruptcy, and that the language is not susceptible of any other construction.

The remaining assignment of error is that the court could not enter the kind of judgment that was entered in this case, for the reason that the amended complaint alleges that respondents are entitled to the immediate possession of said premises, and every part thereof; and it is argued that, if they were entitled to immediate possession, then they did not have possession, and that, consequently, this was properly an action in ejectment, and not an action to quiet title. We do not think that it necessarily follows, from the statement that they are entitled to immediate possession of said premises, that they do not have possession, for their right to possession would be one of the questions in issue in this case under the pleadings, and it might become important for them to show that they had the right to possession.

But it is contended, under the doctrine announced in *Spithill v. Jones*, 3 Wash. 290, 28 Pac. 531—which was to the effect that an action to quiet title would not lie where the plaintiff was out of possession—that an action to quiet title should be dismissed for want of equity where there was no proof showing that plaintiff was in posses-

sion of the land in question or that the same was unoccupied
by any person. This is a case with which this court has
never been entirely satisfied, and we do not care to extend
the doctrine there announced. But, even if it did not ap-
pear from either the pleadings or the proof in this case
that the land was in the possession of the plaintiff, or that
it was unoccupied by any person, we think the appellant
is estopped from raising this question here, under the rule
announced in *Bates v. Drake,* 28 Wash. 447, 68 Pac. 961.
There it was said, in speaking of *Spithill v. Jones,* that,

"It is clear, however, from the the opinion as a whole,
that the court did not mean by its use of this term that it
was without jurisdiction or power to determine the sub-
ject-matter of the controversy between the parties or that
a judgment entered therein would have been void, but
meant rather that equity would not entertain a suit to
quiet title when the plaintiff had an adequate remedy
at law, and that he had such adequate remedy in that case
by an action of ejectment against the person in possession.
In other words, it was held that the plaintiff had mistaken
his form of action, and the court would not permit him to
maintain it over the objection of the defendant. And this
must be so from the nature of the objection. The fact
that the plaintiff is or is not in possession, or that the land
is or is not vacant, does not affect the jurisdiction of the
court to determine the subject-matter of the controversy
between the parties, nor does it affect the merits of that
controversy, but affects only the plaintiff's right to have
the merits of the controversy determined in that particu-
lar form of action. Being so, it is a right which the de-
fendant can waive, and when he does so, and consents to a
trial upon the merits, the judgment entered therein is not
void, or voidable even, except for errors committed in the
course of the trial which would render the judgment void-
able were the plaintiff's right to maintain the action abso-
lute."

In this case this question was not raised, but the defendant answered on the merits of the case, and allowed the issues to be tried out and judgment rendered without objection. Counsel says, in answer to this proposition, that the complaint was one that was not demurrable because it stated a cause of action. But according to his contention it did not state a cause of action in equity, no jury was demanded, no objection raised to the equitable cognizance of the court, and it is now too late to raise such objections here. The judgment is affirmed.

FULLERTON, C. J., and ANDERS, HADLEY, and MOUNT, JJ., concur.