[No. 16565.    *En Banc.*    August 8, 1921.]  ·

# H. H. CLARK, *Appellant*, v. DORA KILIAN *et al.*, *Respondents.*[1]

CHATTEL MORTGAGES (23, 43-2)—VALIDITY—FAILURE TO RECORD—
RIGHTS OF SUBSEQUENT PURCHASERS. A chattel mortgage not filed
for record within ten days after its execution is void, as against a
subsequent purchaser in good faith, notwithstanding the mortgage
may have been recorded prior to the acquisition of title by such pur-
chaser, under Rem. Code, § 3660, providing that a chattel mortgage
not so recorded shall be void as to all creditors of the mortgagor,
existing or subsequent, whether they have a lien or not, and as
against all subsequent purchasers in good faith.

SAME (43)—NOTICE OF MORTGAGE—BURDEN OF PROOF. In a con-
test between a chattel mortgagee whose mortgage was not recorded
and a subsequent purchaser of the mortgaged property, the burden
of proof is upon the mortgagee to show that the purchaser had
actual notice of the existence of the mortgage.

Appeal from a judgment of the superior court for
King county, Frater, J., entered December 6, 1920, in
favor of the defendants, in an action to restrain a
mortgage foreclosure sale, tried to the court. Re-
versed.

*Walter G. Kienstra,* for appellant.

*Robert D. Hamlin,* for respondents.

MACKINTOSH, J.—Does a mortgagee, who has failed
to file his chattel mortgage within ten days from the
time of its execution, have any rights against a pur-
chaser of the chattel whose bill of sale was given him
two months subsequently to the actual filing of the
chattel mortgage? An answer to this question will
dispose of this appeal.

The facts are: On May 24, 1919, respondent Kilian
sold a boat to C. E. King, who gave a chattel mortgage

[1]Reported in 199 Pac. 721.

thereon, which was not filed with the county auditor until July 15, 1919. Kilian, on September 22, 1919, conveyed the boat by bill of sale to the appellant, free of all incumbrances. The notes to secure which the chattel mortgage was given not being paid, Kilian attempted to foreclose his mortgage by notice and sale. Thereupon the appellant brought this action, alleging that he was the owner of the property, and asking to have the sale restrained.

Prior to the legislative session of 1915, the requisites necessary to the giving of a chattel mortgage were contained in § 3660, Rem. & Bal. Code, and under that section, in as far as it relates to the question of the necessity of filing the chattel mortgage within ten days from its execution, this court has held that a chattel mortgage was valid, as to creditors other than those who had acquired some form of lien upon the mortgaged property, whether the mortgage was properly recorded or not. *Heal v. Evans Creek Coal & Coke Co.,* 71 Wash. 225, 128 Pac. 211. It has also been held that an unrecorded mortgage might, after the ten-day period provided by the statute, be recorded and become effective after the date of such recording as to all creditors, both prior and subsequent, except such creditors as may have had a lien prior to the filing. *Pacific Coast Biscuit Co. v. Perry,* 77 Wash. 352, 137 Pac. 483; *Watson v. First Nat. Bank,* 82 Wash. 65, 143 Pac. 451; *Keyes v. Sabin,* 101 Wash. 618, 172 Pac. 835, and other cases cited in these opinions.

In view of these decisions, and with the obvious purpose of changing the rule they announced, the legislature, in 1915, passed the act (Rem. Code, § 3660), which provides that a chattel mortgage not filed within ten days from the time of its execution is void "as against all creditors of the mortgagor, both existing and subse-

quent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and incumbrancers for value in good faith. . . ." Under this statute, a chattel mortgage not recorded within the time is void as to all the persons mentioned, and as to them is of no effect, even though it may be filed subsequently to the ten-day period. The belated filing may carry actual notice to subsequent purchasers, pledgees, mortgagees and incumbrancers for value so as to take them out of the protection of the "good faith" clause of the statute. As we have held in *Othello State Bank v. Case Threshing Machine Co.*, 113 Wash. 680, 194 Pac. 563, citing several decisions of this court, "good faith" includes "without notice."

In the case of *Robertson, Thieme & Morris v. Whittier*, 112 Wash. 6, 191 Pac. 763, the rule which we announce is suggested, although the decision went off on another point.

Although the record is silent upon this question whether the appellant took his bill of sale without notice of the prior chattel mortgage, this is not sufficient to defeat his claim. The burden of alleging and proving notice is upon one claiming the personal property under the alleged chattel mortgage. In *Manhattan Trust Co. v. Seattle Coal & Iron Co.*, 16 Wash. 499, 48 Pac. 333, 737, we said:

"There is no evidence whatever that the petitioners had any notice of the existence of any chattel mortgage in favor of the plaintiff. Counsel for plaintiff and receiver argued that as petitioners, as creditors, have not negatived notice or knowledge on their part, it should be inferred against them; but this would be a novel rule and one which we have never seen applied. Such allegation and proof of notice should come from the one claiming the personal property under the alleged mortgage."

Under the plain language of the statute, the chattel mortgage in this case was void as to the appellant if he was a subsequent purchaser in good faith.

There being no proof to contradict his good faith, the lower court should have enjoined respondent's sale, and for failure to do so, the judgment is reversed.

PARKER, C. J., BRIDGES, FULLERTON, MAIN, HOLCOMB, TOLMAN, and MITCHELL, JJ., concur.