[No. 17579. Department One. April 6, 1923.]

W. B. FLEMING *et al., Respondents,* v. LINCOLN TRUST COMPANY *et al., Appellants.*[1]

CHATTEL MORTGAGES (24, 43-2)—VALIDITY—FAILURE TO RECORD— RIGHTS OF SUBSEQUENT PURCHASERS—GOOD FAITH IN SALE OF CHAT- TEL. Plaintiff is shown to be an innocent purchaser in good faith of an automobile, three days after the execution of a chattel mort- gage, which was not recorded within ten days, where it appears that the car was sold and delivered to plaintiff, and fully paid for, although, by agreement, the vendor was permitted to send up for and use the car as a demonstrator, when he told divers persons that it belonged to the plaintiff.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered November 12, 1921, upon findings in favor of the plaintiffs, in an action of replevin, tried to the court. Affirmed.

*Henry G. W. Knebel,* for appellants.
*Parker W. Kimball,* for respondents.

HOLCOMB, J.—On April 12, 1920, J. B. Ingersoll Company, automobile dealer of Spokane, gave a chattel mortgage covering a certain Standard Eight auto-

[1]Reported in 214 Pac. 5.

mobile to the Lincoln Trust Company. The chattel mortgage was not filed for record until April 27, 1920. In June, 1921, that company brought suit to foreclose its chattel mortgage and obtained judgment therefor by default. An order of sale was duly made, and the sheriff of Spokane county found the automobile in the possession of the respondents in this action, who thereupon filed their claim and bond for possession of the car under §§ 573 to 577, Rem. Comp. Stat. Upon trial thereof, the trial court found in favor of the respondents.

The car was sold and delivered to respondents on April 15, 1920, by J. B. Ingersoll, the manager of the J. B. Ingersoll Company. The agreed price included the exchange of another car, and was fully paid, and although it was considerably less than the regular retail price of a Standard Eight car, there were other considerations inducing the sale upon those terms, which were valuable to Ingersoll. Thenceforth the car was kept in the garage of respondents, and never kept in the sales or show room of the Ingersoll Company, dealer in automobiles. A part of the consideration was that Ingersoll could use the car as a demonstrator whenever he desired. When he desired to do so he sent up to the residence of respondents and got it and took it around demonstrating it. When through with it he would send or take it back to the garage of respondents. He told divers persons during that time that the car belonged to Fleming. During the time this arrangement was pursued, the car was operated under a dealer's license, and from May 31, 1921, under a license in the name of the respondents which was procured upon the application of Ingersoll for respondents.

Appellants claim that the car was not sold in good

faith to respondents, but was a conditional delivery only, and that they did not have actual custody or control of it. We do not so understand the evidence. The trial court found to the contrary. The car was delivered to respondents on April 15, 1920, although Ingersoll sometimes had the use of it.

Under such circumstances, the chattel mortgage not having been filed within ten days after the date of its execution, under the statute and under our decision in *Clark v. Kilian*, 116 Wash. 532, 199 Pac. 721, the mortgage was void as to respondents, and the findings and judgment of the trial court were right.

Affirmed.

MAIN, C. J., BRIDGES, and MITCHELL, JJ., concur.