[No. 18785. Department One. February 16, 1925.]

C. G. LYON et al., Respondents, v. AMALIA HERBOTH, as Administratrix, Appellant.[1]

HOMESTEAD (14, 16)—EXEMPTIONS—LIABILITIES ENFORCIBLE—JUDG-MENT—VENDOR'S LIEN—STATUTES. Under Rem. Comp. Stat., § 532, providing that a homestead is subject to execution on judgments obtained on debts "secured by............ vendor's liens," a homestead is not exempt from a purchase money judgment.

BANKRUPTCY (11, 12)—JUDGMENT (216)—RES JUDICATA—CONCLU-SIVENESS OF DISCHARGE IN BANKRUPTCY. The judgment of a bankruptcy court setting aside specific real property as the homestead of the debtor, does not affect the lien of a purchase money judgment, obtained against the debtor prior to the bankruptcy proceedings, and is not res adjudicata of the superiority of the exemption over the prior judgment lien.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered April 29, 1924, in

[1]Reported in 233 Pac. 24.

favor of the plaintiffs, in an action to quiet title, tried to the court. Reversed.

*Luby & Pearson,* for appellant.

*Stephens & Jack,* for respondents.

BRIDGES, J.—The question in this case is whether a homestead is subject to a purchase money judgment.

The defendants sold and conveyed the land in question to the plaintiffs, who paid therefor by assigning to defendants a note held by them, the payment of which they guaranteed. The plaintiffs thereafter lived on the property and duly claimed it as a homestead under our homestead laws. After the declaration of homestead, the defendants obtained a judgment against the plaintiffs on their guarantee of the note in question. That judgment recites that it is on account of the purchase price of this land. Shortly after the entry of the judgment, the plaintiffs went into voluntary bankruptcy and listed the defendants as unsecured creditors and claimed this real estate as a homestead. The bankruptcy court allowed the claim and set the property over to the respondents as a homestead. Thereafter the defendants levied on the property by virtue of their judgment, and in due course it was sold and bought in by them and they later obtained a sheriff's deed. This was the situation when the plaintiffs brought this action to quiet title in themselves and asked that it be adjudged that the defendants had no right, title or interest in the land or lien thereupon and for annulment of the sheriff's deed. By cross-complaint the defendants sought to quiet title in themselves. The court entered its decree granting all the relief prayed for by the plaintiffs, and the defendants have appealed.

Rem. Comp. Stat., § 528 *et seq.* [P. C. § 7860], are with reference to homesteads and exempt personal

property.   Section 532 [P. C. § 7863], is to the effect that "the homestead is exempt from execution or forced sale, except as in this act provided." Section 533 [P. C. § 7864], reads as follows: "The homestead is subject to execution or forced sale in satisfaction of judgments obtained: (1) On debts secured by mechanic's, laborer's, materialmen's or vendor's liens upon the premises; (2) On debts secured by mortgages on the premises executed and acknowledged by the husband and wife or by any unmarried claimant." Section 563 [P. C. § 7851], is with reference to exempt personal property.   It has fourteen subdivisions, the last of which reads as follows:

"A sufficient quantity of hay, grain, or feed to keep the animals mentioned in the several subdivisions of this chapter for six weeks.   But no property shall be exempt from an execution issued upon a judgment for the purchase price thereof, or any part of the price thereof, or for any tax levied thereon."

Whether the last quoted provision includes a homestead or has reference only to exempt personal property is a debatable question, but should it be conceded that it has reference only to personal property, it will still be important in this controversy as indicative of the legislative policy of the state concerning questions of the kind under discussion.

But § 533, *supra,* which provides that homesteads shall be subject to "judgments obtained . . . on debts secured by . . . vendors' liens," is the one which must receive our serious consideration.

In other states it has generally, if not universally, been held that, until the purchase money is paid, the vendee has not such an interest in the land as will support a homestead right as against the vendor to whom such money is due. *Brown v. Ennis,* 69 Ark. 123, 61 S. W. 379, 56 Am. St. 171, and particularly the exten-

sive note to that case. But this, we anticipate, must depend on statutory law, for it is probable that the legislature has power to exempt a homestead from all manner of lien whether based upon the purchase price or not, so that the question, it seems to us, must always be, what was the legislative intent.

Respondents say that our statute exempting a homestead from a "vendor's lien" cannot be given any force, because this court has held that there is no such thing in this state as a vendor's lien. Such was our express holding in the case of *Smith v. Allen,* 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A. 92, and that case has been cited with approval in *Hill Estate Co. v. Whittlesey,* 21 Wash. 142, 57 Pac. 345; *Ihrke v. Continental Life Ins. & Inv. Co.,* 91 Wash. 342, 157 Pac. 866, L. R. A. 1918F 430; and *Jacobson v. Chee Lumber Co.,* 128 Wash. 436, 223 Pac. 12. But the ground on which the decision in *Smith v. Allen, supra,* rests is narrow. The facts were: Smith had sold certain land to Allen and conveyed to him the title thereto in consideration of a purchase price of $1,000; a part of it was paid and suit was brought to obtain judgment for the balance. The prayer of the complaint was for judgment and that it be adjudged a lien on the land "as a vendor's lien," and that the lien be foreclosed and the land ordered sold. The land was located in Clallam county and the suit was brought there. The defendants resided in King county and moved for a change of venue thence. This was denied by the trial court, apparently for the reason that the suit was with reference to a lien on lands in Clallam county. The sole question to be determined upon appeal was whether the court erred in refusing to transfer the case to King county, and it was in connection with this question that we held that there was no such thing in this state as a vendor's lien. In other words, the

question in that case was whether there was a lien to be foreclosed, because if there was, then the case was triable in Clallam county, otherwise in King county. The substance of our conclusion was that the mere fact that one has sold and conveyed land to another and the purchase price has not been paid does not create any kind of lien on the land for the purchase price.

At the common law the mere fact of the sale seems to have given the vendor an equitable lien on the property for the purchase price. No recordation of it was necessary. It was a secret lien, and we held in the *Smith* case that such a lien was inconsistent with our recording acts. But the lien here sought to be enforced is not the secret equitable lien which was condemned. It is one by virtue of a judgment which respondents obtained for the purchase price. The vendor's lien mentioned in the homestead statute is not the kind of lien which we have held does not exist, but is the very kind that is here sought to be enforced. That statute cannot have any other meaning than that a homestead is subject to judgments based upon the purchase price. It seems to us plain that the legislature intended that it should be the public policy of this state that no one should be permitted to hold a homestead as against the person from whom he had purchased and to whom he had not paid the purchase money. Until the appellants obtained their judgment they did not have any kind of lien, but when it was obtained it became an enforcible lien on the respondent's homestead. There is no reason why a judgment representing the purchase money may not be as valid a lien against a homestead as a mortgage given by the purchaser representing the purchase money.

The conclusion to which we have come must have

been in the mind of the court when it said in *Smith v. Allen, supra,* that "under our statutes the vendor may obtain his judgment for the purchase money, or any part thereof, which immediately becomes a lien of record upon the land sold, and under execution he may have the land sold in satisfaction of his judgment, and that, too, freed from any homestead or other claim of exemption." We need not discuss whether the judgment would have been a lien had the land been sold to an innocent purchaser prior to obtaining it.

The constitutional or statutory provisions of other states are to the effect that a homestead is not exempt as against "the purchase money" or "the purchase price." Under such provisions, practically all of the courts have held that, when the purchase money is merged into a judgment, the latter is enforcible as against the homestead while it is still in the hands of the original purchaser. A number of cases from other jurisdictions will be found in the opinion in *Hamra v. Fitzpatrick,* 55 Okl. 780, 154 Pac. 665. See, also, the following: *Greeno v. Barnard,* 18 Kan. 518; *Hurd v. Hixon & Co.,* 27 Kan. 722; *Brown v. Ennis, supra,* and *Keith v. Albrecht,* 89 Minn. 247, 94 N. W. 677, 99 Am. St. 566; 29 C. J. 864. We hold that, while the homestead is held by the judgment debtor, it is liable to a judgment which represents the purchase price.

But respondents' chief argument in support of the affirmance of the judgment is that the appellants are not in position to raise these questions because the bankruptcy court set aside to them this particular property as a homestead, and that that proceeding is *res judicata* and destroyed appellants' lien, if they had one. It will be remembered that appellants' judgment was obtained before the bankruptcy proceeding. It has very generally been held that, in bankruptcy pro-

ceedings, the only question for the court to determine
is whether, as against general creditors, the bankrupt's
property is exempt. Whether the property is subject
to liens or judgments is not the concern of that court,
and where such special claims are made, the state court
is the proper forum in which to proceed for their en-
forcement. *In re Vonhee*, 238 Fed. 422, 7 C. J. 363 lays
down the rule as follows:

"A court of bankruptcy has no jurisdiction to deter-
mine the existence or validity of a lien claimed by a
creditor upon exempt property, or to enforce against
exempt property the rights of creditors whose obliga-
tions or evidences of indebtedness contain a waiver of
exemption, but the rights of creditors to subject the
same to their debts must be determined in the state
courts."

To the same effect see the following cases: *In re
Grimes*, 96 Fed. 529; *In re Jackson*, 116 Fed. 46; *Lock-
wood v. Exchange Bank*, 190 U. S. 294; *In re Seydel*,
118 Fed. 207; *McBride v. Gibbs*, 148 Ga. 380, 96 S. E.
1004; *Leslie Paper Co. v. Wheeler*, 23 N. D. 477, 137
N. W. 412, 42 L. R. A. (N. S.) 292, and note.

But respondents contend that the case of *Smalley v.
Laughenour*, 30 Wash. 307, 70 Pac. 786, is a direct au-
thority that the proceedings in the Federal court are
*res judicata*. We do not think so. There is an exceed-
ingly important distinction between the facts of that
case and those of this. There the judgment involved
was a general one, while here it is for the purchase
money. It is of course, conceded that a general judg-
ment is not a lien upon, and cannot be enforced against
a homestead, and it was for this reason that in the
*Smalley* case we held that the action of the bankruptcy
court was *res judicata*. In that opinion we reserved
the exact question here under discussion, for we said:

"Lastly it is said that the order of the [bankruptcy]
court setting apart the property as exempt does not

purport to, nor does it in law, affect existing liens upon the property set apart as exempt, and, unless the liens thereon be such as the law avoids of its own force, such liens may be enforced in the state court against and to the extent of the property affected by the lien notwithstanding the order setting it apart as exempt and the discharge of the debt in bankruptcy. In cases of liens which can exist independently of the question whether or not the property is exempt, undoubtedly the rule here invoked would be applicable; but the lien of a general judgment is not such a lien. It is a lien upon real property, only, which is not exempt. Hence if this property was exempt at the time of the filing of the petition in bankruptcy, the judgment under which it was sold was not a lien thereon, and to assume that the judgment was a lien is to assume that it was not exempt,—the very question at issue."

The case of *McKinley v. Morgan,* 36 Wash. 561, 79 Pac. 45, relied on by respondent, is like and follows the *Smalley* case, and we do not consider it as controlling of the facts here.

In the first portion of this opinion we have held that this particular property was subject to appellant's judgment. Such being the case, the order of the bankruptcy court setting the property aside as a homestead did nothing more than adjudge that it was subject to a homestead claim under the statutes, and left it for the state courts to determine whether the property was liable to be sold under appellant's judgment.

This court has always been exceedingly generous in construing statutes with reference to homestead and exemptions, but it is plain that the legislature has set its face against any homestead exemption as to the purchase price of the homestead where that claim has been reduced to a judgment.

The constitutionality of the legislation we have been

discussing is not raised and consequently not discussed.

The judgment is reversed, and the cause remanded with directions to set aside the present judgment and make another quieting title in the appellants.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.