[No. 22557. Department One. December 30, 1930.]

FRANK ATKINSON, *Respondent,* v. H. C. MELCHER *et al.,*
*Defendants,* BANK OF EDWALL, *Appellant.*[1]

*Pettijohn & McCallum,* for appellant.
*Lawrence H. Brown,* for respondent.

HOLCOMB, J.—This action was brought by respondent against defendants Melcher and wife and appellant Bank of Edwall. Appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against it. The demurrer

[1]Reported in 294 Pac. 567.

was overruled, the Bank of Edwall elected to stand on its demurrer, refused to plead further, and judgment was rendered in favor of respondent. The Bank of Edwall alone appeals from the judgment.

The facts alleged in the complaint, which are admitted by the demurrer, summarized are these: On November 1, 1927, respondent entered into a written contract with the Melchers, set forth with the complaint, for the sale to them of certain farm lands in Lincoln county, the purchase price to be paid by the vendees in certain installments as provided in the contract. Immediately thereafter the Melchers went into possession of the property, and have at all times since remained in possession thereof under the contract. During the crop season of 1929, the Melchers raised a crop of wheat on the land consisting of about six thousand bushels, of the value of about $6,000. On about December 3, 1928, the Bank of Edwall, by and through its officers, and at all times having constructive and actual knowledge of the lien of respondent by virtue of the contract set out, entered into a conspiracy with Melcher to defraud respondent, in that the bank and Melcher entered into an understanding or agreement whereby Melcher agreed to deliver the whole of the 1929 crop of wheat then growing to the bank, and to prevent, if possible, respondent receiving the proceeds of any part thereof under the contract; and same to be received by the bank and by it applied upon an indebtedness owing to the bank by Melcher of $20,000.

That, in pursuance of that agreement, Melcher did deliver the whole of the crop of wheat to the bank, which received the same and, as respondent is informed and has good reason to believe, commingled and sold the same so that it cannot now be identified. An allegation was then made that $500 of the principal due November 1, 1929, and $1,050 of interest, due

November 1, 1929, with interest on both sums at the rate of six per cent per annum from November 1, 1929, and such further sums as respondent might be required to pay in settlement of the taxes of 1928 on the lands with like interest from the date of payment thereof, were due and owing to respondent under the contract, payment of which sums had been demanded of the Melchers and the Bank of Edwall, which payment was refused.

The prayer of the complaint is that the court declare that, under and by virtue of the terms of respondent's contract, he had and has a lien upon the crop so grown upon the premises described during the year 1929 for the payment of all the sums specified; for judgment against Melcher individually and the community composed of himself and wife and the Bank of Edwall for the sums specified in the complaint, and for such other and further relief as to the court may seem equitable, etc.

The contract alleged by respondent is in the ordinary form of an executory contract of sale, but contains the following provisions:

"It is the intention of the parties hereto that the vendor shall have a lien on all crops grown on said premises for the payment of the taxes, interest and principal sums maturing hereon, but in view of the fact that such lien cannot be created by this contract, it is agreed that each year during the life of this contract, the vendee will execute in favor of the vendor upon his demand, a chattel mortgage on the crop growing or to be grown on the above described real estate to secure the payment of all sums of money due hereunder or which may accrue during the succeeding year."

There is no allegation in the complaint that respondent made any demand upon the Melchers that they give him a chattel mortgage as provided in the

above paragraph of the contract, or that any chattel mortgage was given.

The contract contains no affidavit of good faith as required by our statute respecting chattel mortgages, and was not filed for record within ten days as a chattel mortgage. It is alleged to have been recorded on December 17, 1927.

Rem. Comp. Stat., § 3780, reads:

"A mortgage of personal property is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, and mortgagees and incumbrancers for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hinder, delay, or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated as provided by law."

Another relevant statutory provision is Rem. Comp. Stat., § 3779, which in part reads:

"Mortgages may be made upon all kinds of personal property, . . . and upon growing crops and upon crops before the seed thereof shall have been sown or planted: Provided, that the mortgaging of crops before the seed thereof shall have been sown or planted, for more than one year in advance, is hereby forbidden, and all securities or mortgages hereafter executed on such unsown or unplanted crops are declared void and of no effect, unless such crops are to be sown or planted within one year from the time of the execution of the mortgage."

These were the statutes in force at the time the contract before us was executed.

It is manifest that, at the time the contract in suit was executed, the parties were well advised that a

mortgage made upon crops before the seed thereof should have been sown, or for more than one year in advance, was forbidden and would be void and of no effect.

It is patent, also, that it was intended to bind the vendees to give valid chattel mortgages upon growing crops upon the premises under the contract upon the demand of the vendor (respondent). It is not to be presumed that the parties had any intention of circumventing the statute by creating an equitable chattel mortgage which could be enforced in the place of an actual chattel mortgage, which was agreed upon, if demanded. In fact, the contract shows that the parties clearly understood that a lien could not be, and was not, created by the contract.

Respondent insists that under the statute the bank must have impressed some lien on the property in question by attachment, execution or a similar writ, and that, not having done so, it is not in any position to object to the transfer, as a creditor. To sustain this position, he cites these cases: *Heal v. Evans Creek Coal Co.,* 71 Wash. 225, 128 Pac. 211, *Pacific Coast Biscuit Co. v. Perry,* 77 Wash. 352, 137 Pac. 483; *Watson v. First National Bank,* 82 Wash. 65, 143 Pac. 451; *Spokane Merchants' Association v. First National Bank,* 86 Wash. 367, 150 Pac. 434, L. R. A. 1918A 323; also, 11 C. J. 515, note 15, and two Federal cases.

All cases cited from this court by respondent were decided before the enactment of § 3780, *supra,* in its present form. The previous statutory provision was changed by the legislature in 1915. The cases relied upon by respondent were reviewed by this court in *Clark v. Kilian,* 116 Wash. 532, 199 Pac. 721. Under the provisions of § 3780, *supra,* a chattel mortgage not filed within ten days from the time of its execution, or not accompanied by an affidavit of good faith of the

mortgagor, is void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers, pledgees, mortgagees and incumbrancers for value in good faith. *Clark v. Kilian, supra.*

■ No vendor's lien exists under the law of this state. *Shelton v. Jones,* 4 Wash. 692, 30 Pac. 1061, *Smith v. Allen,* 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A. 82; *Hill Estate Co. v. Whittlesey,* 21 Wash. 142, 57 Pac. 345.

■ It is further asserted by respondent that appellant is a purchaser and not a creditor. The allegation of his complaint is that appellant is a creditor in the sum of $20,000, and that it received wheat of the value of $6,000 and applied it on its debt. We must judge the relation of the parties in this case by the allegations of the complaint, and inasmuch as respondent alleges that the bank is a creditor, and since it cannot be said that the entire $20,000 indebtedness was satisfied by the application of $6,000 worth of wheat, it must be presumed that the bank is still a creditor.

It is useless to discuss many of the cases cited by both appellant and respondent. The contract was correctly and advisedly made. Under the contract, no equitable mortgage lien was intended or created which can be enforced as against the bank.

The judgment is reversed and the cause dismissed.

MITCHELL, C. J., TOLMAN, PARKER, and MAIN, JJ., concur.