[No. 34710.  Department One.  October 23, 1958.]

M. J. THOMPSON, *Appellant,* v. CONRAD HUNSTAD *et al.,* *Respondents.*[1]

[1]Reported in 330 P. (2d) 1007.

*Clarence M. George,* for appellant.

*Willard J. Roe,* for respondent.

ROSELLINI, J.—The question before the court is whether the plaintiff's complaint states a cause of action. A demurrer having been sustained, the plaintiff refused to plead further and judgment was entered dismissing his suit.

Briefly stated, the allegations of the complaint are that the plaintiff paid to the seller $8,000 for the purchase of certain real property desired by the defendants, under the terms of an oral agreement whereby a note and mortgage would be executed by the defendants in favor of the plaintiff, providing for the repayment of the loan in installments of $50 per month. Title was taken in the names of the defendants, who thereafter refused to execute the note and mortgage. The plaintiff asked that the defendants be required to execute such a note and mortgage, or, in the

alternative, that he be granted a lien on the property and that the lien be foreclosed as a mortgage.

The plaintiff concedes that the statute of frauds (RCW 64.04.010) applies to the alleged agreement, since it pertains to an interest in land. He also concedes that the facts set forth in the complaint do not show a constructive or an express trust. However, he maintains that the transaction created a resulting trust, under which the defendant holds the title subject to his interest as mortgagee.

■ "The general rule is that where property is taken in the name of a grantee other than the person advancing the consideration, in the absence of other evidence of intent, the grantee is presumed to hold the legal title subject to the equitable ownership of the person advancing the consideration." *Lindberg v. Hietala,* 46 Wn. (2d) 348, 281 P. (2d) 861, and cases cited therein.

■ However, where the purchase price is advanced by one person as a loan to another, no resulting trust arises. 2 Restatement, Trusts, 1362; *Newman v. Newman,* 103 Ohio St. 230, 133 N. E. 70, 18 A. L. R. 1089; 54 Am. Jur. 163, § 209; 4 Scott, Trusts, 3049, § 445. It is stated in the allegations that a loan was intended; therefore, a resulting trust cannot be presumed.

In jurisdictions which accept the doctrine under which an equitable lien is given to a vendor of land who has conveyed it to the purchaser before receiving payment of the purchase price, that doctrine has been extended to give an equitable lien to one who has advanced money on the strength of an oral agreement to give a mortgage. Cases so holding can be found in the footnote to the cited section of Scott and in the annotation in 18 A. L. R. 1098. In this jurisdiction, however, the doctrine, in so far as it recognizes the existence of a lien before judgment, is considered to be in conflict with our recordation statutes and has not been recognized. *Smith v. Allen,* 18 Wash. 1, 50 Pac. 783. *Lenz v. Harding,* 186 Wash. 642, 59 P. (2d) 743, and cases cited therein. However, we have recognized that a judgment based upon the purchase price of realty is in the nature of a vendor's lien, within the meaning of RCW 6.12.100, pro-

viding that homesteads are subject to execution on judgments obtained on debts secured by vendor's liens. *Lenz v. Harding, supra; Lyon v. Herboth,* 133 Wash. 15, 233 Pac. 24. In the latter case, the vendor was permitted to execute upon the land, in spite of a prior declaration of homestead by the vendee, the court saying:

"At the common law the mere fact of the sale seems to have given the vendor an equitable lien on the property for the purchase price. No recordation of it was necessary. It was a secret lien, and we held in the *Smith* case that such a lien was inconsistent with our recording acts. But the lien here sought to be enforced is not the secret equitable lien which was condemned. It is one by virtue of a judgment which respondents obtained for the purchase price. The vendor's lien mentioned in the homestead statute is not the kind of lien which we have held does not exist, but is the very kind that is here sought to be enforced. That statute cannot have any other meaning than that a homestead is subject to judgments based upon the purchase price. It seems to us plain that the legislature intended that it should be the public policy of this state that no one should be permitted to hold a homestead as against the person from whom he had purchased and to whom he had not paid the purchase money. Until the appellants obtained their judgment they did not have any kind of lien, but when it was obtained it became an enforcible lien on the respondent's homestead. There is no reason why a judgment representing the purchase money may not be as valid a lien against a homestead as a mortgage given by the purchaser representing the purchase money."

This court has also held that a money judgment for "owelty" obtained in a partition suit is a lien "in the nature of a vendor's lien" and, as such, enforcible against the partitioned land in spite of a declaration of homestead by the cotenant to whom the property has been awarded. *Adams v. Rowe,* 39 Wn. (2d) 446, 236 P. (2d) 355.

Since we do not recognize an equitable vendor's lien existing prior to judgment, it cannot be said that, in this jurisdiction, one who has advanced the purchase money on the strength of an oral agreement to give a mortgage, stands in the position of the unpaid vendor and holds an equitable lien. We are not asked in this case to decide

whether a money judgment obtained by one who furnishes the purchase money under circumstances such as those involved in this case is "in the nature of a vendor's lien" and enforcible against the purchased land in spite of a declaration of homestead.

■■ It is also urged that there is alleged a sufficient part performance of the oral contract to remove it from the operation of the statute of frauds. One of the requirements of the doctrine of part performance is that the acts relied upon as constituting part performance must unmistakably point to the existence of the claimed agreement. If they may be accounted for on some other hypothesis, they are not sufficient. *Granquist v. McKean*, 29 Wn. (2d) 440, 187 P. (2d) 623. The fact that funds were advanced is no more indicative that there was an agreement to give a note and mortgage than it is that an unsecured loan, or even a gift, was intended.

■ The statute of frauds is a positive enactment, to the effect that contracts of this nature, to be valid and enforcible, must be in writing. Courts of equity have no right, any more than courts of law, to disregard the statute, except where it is necessary to do so in order to prevent a gross fraud from being practiced. *Granquist v. McKean, supra*; *Richardson v. Taylor Land & Livestock Co.*, 25 Wn. (2d) 518, 171 P. (2d) 703. The complaint alleges, not fraud, but a simple breach of contract, a contract which is unenforcible under the statute of frauds.

■■ This does not mean that the plaintiff is without remedy. The contract is void, but the plaintiff is, under the allegations of the complaint, entitled to restitution of the amount which he paid. *Cone v. Ariss*, 13 Wn. (2d) 650, 126 P. (2d) 591. This being the case, it was error to dismiss the complaint. It is true that restitution was not specifically asked in the prayer, but such relief is less than that requested. A complaint is not demurrable simply because the prayer is for relief to which the plaintiff is not entitled. *Prichard v. Conway*, 39 Wn. (2d) 117, 234 P. (2d) 872. If the complaint states a cause of action on any theory,

92

the general demurrer must be overruled. *State ex rel. West v. Seattle,* 50 Wn. (2d) 94, 309 P. (2d) 751.

The judgment is reversed and the cause remanded.

HILL, C. J., MALLERY, FINLEY, and FOSTER, JJ., concur.